KORIN et al. v. RUTZ.

(Supreme Court, Appellate Term. March 2, 1906.)

1. CONTRACTS—ACTION FOR BREACH—BURDEN OF PROOF.

Where damages were claimed for breach of a contract to embroider waists within the time specified, on the ground that plaintiff lost money by the cancellation of the order because of nondelivery on time, plaintiff was bound to show that he had an enforceable contract with the person giving the order, and that such person was legally entitled to cancel the order.

2. SAME.

Plaintiff was also bound to show that defendant's undertaking to embroider the waists was with knowledge of plaintiff's alleged contract, under circumstances which would charge defendant with any damages for any loss plaintiff might sustain on the order if the waists were not embroidered within the time agreed.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Addie S. E. Korin and another against Albert Rutz. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Albert H. Meyer, for appellant.

GREENBAUM, J. Plaintiff asserts a contract with defendant under which the latter obligated himself to embroider 1,000 waists within a time specified. For failure to do this work within this time plaintiff demanded a return of the unfinished garments, which had previously been delivered to defendant, and the goods were all duly returned in the original packages, without any work having been done upon them.

Damages were awarded plaintiff upon the theory that plaintiff lost upwards of $300, the profits of which he was deprived, in consequence of defendant's breach, in that a certain customer from whom plaintiff had obtained an order for these waists had canceled the order because of their nondelivery on time. The precise nature and terms of the alleged order of plaintiff's customer were not disclosed on the trial, and whether or not plaintiff had an enforceable contract with said third party, or whether or not said party was legally entitled to cancel the order, was not made to appear. The evidence, too, is meager and unsatisfactory as to whether defendant's undertaking to embroider the waists with knowledge and understanding of plaintiff's alleged contract with the third party under such circumstances would charge him with any damages for any loss that plaintiff might sustain upon the order with the third party if the waists were not embroidered within the time agreed.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.